IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SANDRO BALZORA,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-0522** |
| | : | |
| **OFFICER KAILA BALATGEK,** *et al.*, | : | |
|     **Defendants.** | : | |

# MEMORANDUM

**BEETLESTONE, J.**                                                                    **FEBRUARY 13, 2024**

Plaintiff Sandro Balzora, a pretrial detainee currently confined at Lehigh County Jail, filed this *pro se* action alleging violations of his civil rights. Named as Defendants are Officer Kaila Balatgek and Officer Tanner of the Allentown Police Department, and the Allentown Police Department. Balzora also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Balzora *in forma pauperis* status and permit him to proceed on his excessive force claims. The balance of his Complaint will be dismissed. Balzora will be given an opportunity to proceed solely on his excessive force claims, or to file an amended complaint.

## I.     FACTUAL ALLEGATIONS[1]

A review of publicly available state court records reveals that Balzora was arrested on December 28, 2023, by Officer Balatgek. *See Commonwealth v. Balzora*, MJ-31201-CR-0000749-2023 (C.P. Lehigh). He has been charged with various drug offenses, as well as

---

[1] The allegations set forth in this Memorandum are taken from Balzora's Complaint and publicly available dockets of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

resisting arrest and public drunkenness. *Id.* A preliminary hearing is scheduled for February 23, 2024. *Id.*

The allegations in Balzora's Complaint in this Court primarily concern the circumstances of his arrest. (*See* Compl. at 5-8.) Balzora contends that he was waiting on a bus stop at "6 and Allen" on December 28, 2023, when he was approached by Officer Balatgek who tapped him on his shoulder, asked him what he was doing, and requested that he present identification. (*Id.* at 5.) After informing Officer Balatgek that he was waiting for the bus, Balzora presented his identification, which he describes as "a prison entry I.D." (*Id.*) At that point, Officer Balatgek directed Balzora to take a seat on someone's porch and called Officer Tanner. (*Id.*) According to Balzora, the Officers searched him, cursed at him, twisted his arms, went through his man purse, and grabbed him "in all parts" of his body, causing embarrassment, and asked Balzora what he was hiding. (*Id.*)

Balzora describes the ensuing moments as follows:

> They stood me up force[ful]ly putting under arrest pulled my arms up backwards hurting my shoulders especially the left shoulder. I told [them] my arm & shoulder left side had been broken, and I had been stab 1" away [from] my spinal cord I was in great pain. Thrown on the floor then head and neck hitting the floor pleading for my life asking them why was they doing this to me. Then violently shackling me too all the way back [opposite] direction toward 6 and Liberty when the street camera under the traffic light could see how they push and pulled me hard. People were screaming why are you guys doing this to this young man. They pulled my arms so high up I could not get my legs up to get in the back of the police van. They knee[d] m[e] in my thighs on both legs I could feel punches to the back of my head all this while being in hand cuffs. They did not read me my rights. Finally put me in the back of the van by pushing me on my stomach. Officer Tanner picked me up and slam me on my face then Officer Kala [sic] pulled my legs and they repeated over and over doing damage to the left side of my face.

(*Id.* at 6.)

With regard to his injuries, Balzora contends that he was given eye drops at the jail because he had glass and rocks in his eye, and that he had a swollen face and headache. (*Id.*) He also states, "[r]efuse to take to the hospital til 1:00 AM why? 10 hours later. Refuse treatment and blood test no drugs in my system jail record could show." (*Id.*) Balzora seeks monetary relief, as well as various forms of injunctive relief.[2] (*Id.* at 7.)

## II. STANDARD OF REVIEW

The Court will grant Balzora leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true,

---

[2] To the extent that Balzora seeks to initiate criminal charges against Defendants Balatgek and Tanner, as well as the termination of their employment, the Court has no authority to order such relief. *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) (affirming dismissal of claims seeking initiation of criminal charges because "a private person does not have a 'judicially cognizable interest in the prosecution . . . of another'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Hall v. Carny*, No. 22-4094, 2023 WL 187569, at *1 (E.D. Pa. Jan. 13, 2023) (dismissing with prejudice the request that defendant be terminated from his employment); *Buskirk v. Pennsylvania Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *1-2 n.4 (E.D. Pa. Sept. 28, 2022) (construing plaintiff's request for the court to terminate the defendants' employment as seeking injunctive relief and holding that the court has no authority to terminate the employment of a state employee).

[3] Because Balzora is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Balzora is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

### III.  DISCUSSION

Balzora raises claims under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. Section 1983 "does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged

constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Liberally construing Balzora's Complaint as this Court must, the Court understands Balzora to present Fourth Amendment claims of excessive force, as well as other claims based on violations of his Fourth Amendment rights during his arrest and detention, and a claim of deliberate indifference to his medical needs in violation of the Fourteenth Amendment.  However, other than the excessive force claims, his claims are articulated in a generalized, conclusory manner and must be dismissed.[4]

### A.    Claims Against Allentown Police Department

Balzora named the City of Allentown Police Department as a Defendant in this case.  Following the decision in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a

---

[4] Although the Complaint lists additional federal constitutional rights as the basis for this Court's jurisdiction, (*see, e.g.,* Compl. at 7-8 listing the Fifth, Sixth, and Ninth Amendments, as well as the Equal Protection clause), such passing references are not sufficient to raise claims under these principles.  *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).

municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Because the Allentown Police Department is not a proper defendant under § 1983, such claims are not plausible and will be dismissed with prejudice.

   **B.**  **Excessive Force Claims Against Officers Balatgek and Tanner**

  The Court construes Balzora's Complaint to allege that Officers Balatgek and Tanner used excessive force during the arrest. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by

flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

Balzora alleges that during the course of his arrest, Officers Balatgek and Tanner, *inter alia*, threw him to the ground, punched him in the head while hand-cuffed, and repeatedly picked him up and slammed him on his face, while pulling on his legs. At this early stage of the litigation, Balzora has alleged sufficient facts in support of his excessive force claims against Officers Balatgek and Tanner to proceed at this time.

C. **Other Fourth Amendment Claims**

Based on the allegations in the Complaint, it is possible that Balzora also seeks to assert other Fourth Amendment claims, such as a claim of unreasonable search and seizure, and claims of false arrest and false imprisonment. However, such claims are not plausible as pled.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. As indicated by this language, "the underlying command of the Fourth Amendment is always that searches and seizures be reasonable." *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985). Nevertheless, "what is reasonable depends on the context within which a search takes place." *Id.* The elements of a § 1983 claim for unreasonable search and seizure are: (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989). Although searches generally require probable cause or, at least, reasonable suspicion, there are exceptions including one that permits

an arresting officer to perform a search incident to an arrest.  *See generally Birchfield v. North Dakota*, 579 U.S. 438, 455-61 (2016) (discussing the search-incident-to-arrest doctrine).

To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).[5]  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Id.* at 483.  "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'"  *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

Here, Balzora fails to provide sufficient factual allegations in support of his potential claims.  He merely alleges that his privacy rights were violated and questions, "Where is probable cause?"  (*See* Compl. at 7-8.)  Balzora does not plead sufficient allegations about the arrest itself to support an inference that the search, arrest, or subsequent detention were unconstitutional.  Indeed, he has not alleged any details about what he was arrested for, or the circumstances surrounding his arrest.  Without any details, the Court is unable to discern whether Balzora can plausibly state a Fourth Amendment or other constitutional claim against Officers Balatgek and Tanner.  *See, e.g., Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) ("To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose."

---

[5] "False arrest and false imprisonment are 'nearly identical claims' that are 'generally analyzed together.'"  *Karkut v. Target Corp.,* 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006) (quoting *Brockington v. Phila.,* 354 F. Supp. 2d 563, 570 n. 8 (E.D. Pa. 2005) (citation omitted)).

(citation omitted)); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"); *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because plaintiff failed to assert a plausible claim of lack of probable cause where plaintiff, while alleging that he was twice arrested, did not have drugs in his possession, did not break the law and the police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false).  Accordingly, Balzora's Fourth Amendment claims relating to the search, arrest, and detention will be dismissed without prejudice and he will be given an opportunity to file an amended complaint if he can cure the defects identified by the Court.

      Balzora should note that if he files an amended complaint raising nonconclusory Fourth Amendment claims relating to his arrest and subsequent detention, such claims may be subject to dismissal or stay in accordance with the doctrine of abstention developed in *Younger v. Harris*, 401 U.S. 37 (1971).  Under the *Younger* doctrine, there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary

circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The specific elements of *Younger* abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989); *see, e.g., Rex v. Fisher*, No. 12-4045, 2012 WL 3537846, at *2 (E.D. Pa. Aug. 15, 2012) (staying false arrest and illegal search claims for damages in light of pending criminal prosecution when plaintiff "ha[d] the opportunity to raise his Fourth-Amendment challenges in the course of his criminal proceeding"). However, Because Balzora's Fourth Amendment claims are so undeveloped, and therefore not plausible, the Court will not address at this time whether *Younger* abstention necessitates that such claims be stayed pending resolution of the state judicial proceedings.

        D.        **Deliberate Indifference to Medical Needs**

The Supreme Court of the United States has held that "[t]he Due Process Clause . . . require[s] the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Thus, "[d]eliberate indifference to the medical needs of arrestees violates their Fourteenth Amendment right to due process." *Smith v. Gransden*, 553 F. App'x 173, 177 (3d Cir. 2014). To allege a claim for denial of medical treatment under the Fourteenth Amendment, a plaintiff must plead: (1) a serious medical need; (2) behavior on the part of the police officers that constitutes deliberate indifference to that need; and (3) a causal connection between the indifference and the plaintiff's injury. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Smith*, 553 F. App'x at 177. "Deliberate indifference is a 'subjective standard of

liability consistent with recklessness as that term is defined in criminal law.'" *Smith*, 553 F. App'x at 177 (quoting *Natale*, 318 F.3d at 582). Deliberate indifference exists where there is "objective evidence that [a] plaintiff had serious need for medical care" and the need was ignored or delayed for non-medical reasons. *Id.* With respect to an arrestee, "a police officer [must] . . . provide medical care to an individual who was injured during the course of an arrest when the need 'is so obvious that a reasonably trained officer would recognize the necessity for attention.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 423 (E.D. Pa. 2019) (quoting *Bornstad ex rel. Estate of Bornstad v. Honey Brook Twp.*, No. 03-822, 2005 WL 2212359, at *19 (E.D. Pa. Sept. 9, 2005), *aff'd sub nom.* 211 F. App'x 118 (3d Cir. 2007)). Moreover, a serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

The Court understands Balzora also to allege a Fourteenth Amendment due process claim based on the alleged delay or denial of medical treatment for the injuries he suffered during his arrest. Even assuming *arguendo* that some of the allegations could be liberally construed to rise to the level of a Fourteenth Amendment claim, Balzora has not adequately developed the claim and has not satisfied the *Iqbal* pleading standard. Moreover, Balzora has not tied those allegations to any of the named Defendants, and the Court can discern no plausible basis for doing so. *See Rode*, 845 F.2d at 1207. Accordingly, to the extent he seeks to raise a deliberate indifference claim based on a lack of medical treatment, such claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV.    CONCLUSION

Balzora's § 1983 claims against the Allentown Police Department will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Further, the Court

11

concludes that amendment of these claims would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints with leave to amend "unless amendment would be inequitable or futile.").

As set forth more fully above, the Court is prepared to serve Balzora's excessive force claims against Officers Balatgek and Tanner. However, Balzora's other Fourth Amendment claims related to his arrest and detention, as well as his Fourteenth Amendment claims of deliberate indifference to his medical needs, are conclusory and will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Considering Balzora's *pro se* status, he will be granted the option of filing an amended complaint to attempt to cure the defects in those claims.[6] In the alternative, Balzora may advise the Court that he seeks to proceed only on the excessive force claims which pass statutory screening.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**

---

[6] If Balzora chooses to file an amended complaint, the amended complaint must be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019). This means that the submission of an amended complaint "effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). Moreover, if he files an amended complaint, Balzora may not reassert a claim that has already been dismissed with prejudice, or rename a party that has already been terminated from this case.